# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-40136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CELSO VIRAMONTES-GALAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-870-ALL

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Celso Viramontes-Galavis appeals the 77-month sentence imposed following his conviction on a guilty plea to illegal reentry after having been convicted of an aggravated felony. *See* 8 U.S.C. § 1326 (a), (b). For the first time on appeal, Viramontes contends his sentence, which is at the bottom of the applicable advisory guidelines sentencing range, is procedurally unreasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under *Gall v. United States*, 128 S. Ct. 586, 594 (2007), and *Rita v. United States*, 551 U.S. 338, 356 (2007), because the district court did *not* give reasons for rejecting his request for a below-guidelines sentence, address his nonfrivolous arguments for a lower sentence, or explain its reasons for the sentence it imposed. Viramontes further contends his sentence is substantively unreasonable because it is much longer than any term he has previously served and because a lesser sentence would fulfill the sentencing goals of 18 U.S.C. § 3553(a).

Because these contentions were not presented in district court, our review is only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361-65 (5th Cir. 2009), *petition for cert. filed* (24 June 2009) (No. 08-11099). Reversible plain error exists where a clear or obvious error affects the defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even then, we have discretion whether to correct such an error and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

Viramontes contends: neither plain error review nor the presumption of reasonableness should apply because Guideline § 2L1.2 (providing offense levels for unlawfully entering or remaining in the United States) is *not* empirically based; he does, however, acknowledge that these issues are foreclosed, and raises them merely to preserve them for further review. Viramontes' claim of procedural error fails because the record shows the district court based his sentence on the factual findings and guidelines calculation in the presentence investigation report. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). Further, Viramontes has *not* shown his sentence would have been different had the district court provided a more thorough explanation for its choice of sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65.

As to the substantive reasonableness of Viramontes' sentence: "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable". *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (citing *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006)); *see also Rita*, 551 U.S. at 352-56 (holding that an appellate court may presume a within-guidelines sentence to be reasonable). Viramontes has *not* rebutted this presumption. *See Mondragon-Santiago*, 564 F.3d at 365-67.

AFFIRMED.